1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7
8

EASTERN DISTRICT OF CALIFORNIA

9   PERCY STOCKTON,                          CASE NO. 1:10-cv-00636 AWI GSA PC

10                    Plaintiff,             ORDER DISMISSING COMPLAINT, WITH
                                             LEAVE TO FILE AMENDED COMPLAINT
11          v.                               WITHIN THIRTY DAYS

12   STATE OF CALIFORNIA, et al.,            (ECF No. 1)

13                    Defendants.
                                   /
14

15                              **Screening Order**

16   **I.      Screening Requirement**

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant

19   to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          The Court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28   ///

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

The events at issue in this action occurred at Kern Valley State Prison (KVSP), where Plaintiff was housed at the time.[1] Plaintiff claims that he was subjected to unconstitutional conditions of confinement such that they violated the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff names the following defendants: the State of California; J. Castro, Warden at KVSP; former Governor Schwarzenegger; George Galaza; Linda Ward; Roy Castro; Michael Knowles; Hedgpeth; Kelly; Harrington; Pfeiffer; Grannis.

Plaintiff alleges that, while at KVSP, he drank contaminated water. Plaintiff alleges that he is "informed by sundry sources" that defendants caused him injury. Plaintiff alleges that sometime before KVSP was opened in 2005, Defendants knew of the presence of arsenic in the water table that supplied the prison with drinking water. Plaintiff alleges that in March of 2005, prisoners were "hastily and haphazardly" moved to KVSP from other prisons. As a result, some inmates were returned to their originating prisons because of the lack of adequate medical services at KVSP.

Plaintiff arrived at KVSP in November, 2005. Plaintiff alleges that from 2005 through March of 2010, KVSP has been overpopulated, causing "overdemand and overusage of natural resources, or otherwise including, but no limited to, drinking water." Plaintiff alleges that on April

[1] Plaintiff is currently housed at CCI Tehachapi.

8, 2008, the warden sent a notice to inmates, informing them that "defendants are in violation of the drinking water standard, and that the KVSP wells have been above the maximum contaminant level . . . since 4-8-2007." The notice also indicated that the problem will be addressed by the installation of an arsenic treatment system by June of 2009. Plaintiff alleges that as of March, 2010, the system has not been installed, and Plaintiff has been forced to drink contaminated water.

Plaintiff alleges that he has sustained physical and emotional injuries as a result. Plaintiff lists several symptoms that, in his view, were caused by arsenic poisoning. Plaintiff alleges that he submitted requests for health care and to have the water tested for arsenic. Plaintiff also requested that he be provided with bottled water. His request was denied.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

## A.   Eighth Amendment Conditions of Confinement Claim

The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted." "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer, 511 U.S.

at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment.  Farmer, 511 U.S. at 839-40.

Here, the Court finds Plaintiff's allegations to be vague.  In order to hold an individual defendant liable for unconstitutional conditions of confinement, Plaintiff must allege facts indicating that the individual knew of a serious risk to Plaintiff's health or safety, and acted with disregard to that risk, resulting in injury to Plaintiff.  Here, Plaintiff names several individuals, and alleges that the prison water was out of regulatory compliance.  Such an allegation, of itself, fails to state a claim for relief.  That the drinking water exceeded the maximum contaminant level for arsenic does not, of itself, subject any of the defendants to liability.  Plaintiff fails to allege any facts indicating that he was diagnosed with any medical condition that resulted from ingesting high amounts of arsenic.  Plaintiff fails to allege any facts indicating that he was treated for any condition.

Further, Plaintiff attaches to his complaint exhibits, including a copy of the Director's Level response to his grievance regarding the arsenic levels in the water.[2]  Plaintiff's exhibit reveals that the prison's response was as follows:

> On May 29, 2008, the appellant was interviewed by D. Tarnoff, Correctional Counselor II.  The reviewer established that on March 10, 2008, KVSP was notified that the water system was not in compliance with the new maximal contaminant levels established for arsenic.  The date of the letter, March 10, 2008, was the official date of non-compliance.  On April 8, 2008, KVSP distributed the notice which the appellant received to comply with the United States Environmental Protection Agency (EPA) Public Notification Rule.  KVSP is in the process of modifying the water treatment plant to bring the institution into compliance with the new EPA rule and compliance is expected by the second quarter of 2009.  Based upon the notification from the Department of Health Services, an alternate water supply is not required.
>
> A review of the current arsenic levels at KVSP was conducted by R.J. Geller, MD, MPH, of the California Poison Control System.  Dr. Geller's response indicates the parts per billion (ppb) levels of arsenic noted are insignificant.  The review specifically states, "The expected

---

[2]The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

4

numbers of health problems, either acute or chronic, caused at KVSP by arsenic at a concentration of 22 ppb in drinking water is zero." Based upon the information presented the appeal was denied as the Second Level of Review.

The information and evidence has established that the institution has conducted the necessary evaluation to ensure that the water supply does not currently represent an unreasonable risk for human consumption. The appellant has failed to present any information, documentation or evidence that the testing results were inaccurate and the drinking water is unfit for human consumption. The institution has initiated a plan to bring the water standard into compliance with the new EPA expectations by the second quarter of 2009. Based upon the information presented there shall be no further relief afforded to the appellant at the Director's Level of Review.

The Court finds that Plaintiff has failed to allege facts sufficient to satisfy the Eighth Amendment standard. Assuming the facts of the complaint as true, that the prison water system was out compliance with EPA standards, Plaintiff has failed to allege facts indicating deliberate indifference. As noted above, "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40. Simply put, regulatory compliance is a much lower standard than deliberate indifference.

## B.  Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay

1    in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

2    make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely

3    v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

4        Plaintiff has, however, alleged some facts indicating that he suffered medical conditions that,

5    in his view, were caused by arsenic poisoning. Plaintiff has not alleged any specific facts indicating

6    that he presented to any individual defendant with a serious condition, and that defendant

7    disregarded the condition. In order to hold an individual defendant liable, Plaintiff must name the

8    individual defendant, describe where that defendant is employed and in what capacity, and explain

9    how that defendant acted under color of state law.  Plaintiff should state clearly, in his or her own

10   words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the

11   particular right described by Plaintiff.

12       **C.**    **State of California**

13       Plaintiff names as a defendant the State of California. "The Eleventh Amendment prohibits

14   federal courts from hearing suits brought against an unconsenting state. Though its language might

15   suggest otherwise, the Eleventh Amendment has long been construed to extend  to suits brought

16   against a state both by its own citizens, as well as by citizens of other states." Brooks v. Sulphur

17   Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida

18   v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506

19   U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The State

20   of California should therefore be dismissed as a defendant.

21   **III.**   **Conclusion and Order**

22       The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

23   which relief may be granted under section 1983.  The Court will provide Plaintiff with the

24   opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

25   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not

26   change the nature of this suit by adding new, unrelated claims in his amended complaint. George,

27   507 F.3d at 607 (no "buckshot" complaints).

28       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."   Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send to Plaintiff a complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.  Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.  If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   December 9, 2011**                              **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE